J-A21043-23
J-A21044-23
J-A21045-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JAMES ALVIN JONES | : | |
| | : | |
| Appellant | : | No. 1209 EDA 2023 |

Appeal from the PCRA Order Entered January 18, 2022
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0000709-2012

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JAMES ALVIN JONES | : | |
| | : | |
| Appellant | : | No. 1208 EDA 2023 |

Appeal from the PCRA Order Entered January 18, 2022
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0004817-2011

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JAMES ALVIN JONES | : | |
| | : | |
| Appellant | : | No. 1207 EDA 2023 |

J-A21043-23
J-A21044-23
J-A21045-23


Appeal from the PCRA Order Entered January 18, 2022
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0000709-2012,
CP-15-CR-0004817-2011

BEFORE:  BENDER, P.J.E., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED MARCH 07, 2024**

Appellant, James Alvin Jones, appeals *nunc pro tunc* from the post-conviction court's January 18, 2022 order denying his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Additionally, Appellant's counsel, Scott J. Werner, Jr., Esq., has filed a petition to withdraw from representing Appellant, along with an ***Anders***[1] brief, at each docket number.  While a ***Turner/Finley***[2] no-merit letter is the appropriate filing when counsel seeks to withdraw on appeal from the denial of PCRA relief, we will accept Attorney Werner's ***Anders*** brief in lieu of a ***Turner/Finley*** no-merit letter.[3]  After careful review, we quash the appeals at docket Nos. 1208 EDA 2023 and 1209 EDA 2023.  We affirm the PCRA court's order at docket No. 1207 EDA 2023, and grant Attorney Werner's petition to withdraw.

---

[1] ***Anders v. California***, 386 U.S. 738 (1967).

[2] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[3] ***See Commonwealth v. Widgins***, 29 A.3d 816, 817 n.2 (Pa. Super. 2011) ("Because an ***Anders*** brief provides greater protection to a defendant, this Court may accept an ***Anders*** brief in lieu of a ***Turner/Finley*** letter.") (citation omitted).

The PCRA court presented a detailed summary of the facts and procedural history underlying Appellant's convictions, which we adopt for purposes of this appeal. *See* PCRA Court Opinion (PCO), 12/21/21, at 1-5. Procedurally, Appellant entered a plea agreement on August 23, 2013, in the case docketed at CP-15-CR-0000709-2012, to two counts of murder in the third-degree and one count of conspiracy.[4] The agreement called for a sentence of 20 to 40 years' incarceration for Appellant's first count of third-degree murder, but the plea agreement left open the sentence he would receive for the second count of that offense, as well as for his conspiracy conviction. Ultimately, on November 6, 2013, the court sentenced Appellant to consecutive terms of 20 to 40 years' imprisonment on each third-degree-murder count, plus 10 years' consecutive probation for the conspiracy offense.

Appellant filed a timely motion for reconsideration of his sentence, which the court granted. The court resentenced Appellant on May 12, 2014, to 14½ to 29 years' imprisonment on his second count of third-degree murder, and left unchanged his sentences on the other two counts. This Court affirmed Appellant's judgment of sentence on direct appeal, and he did not seek review

---

[4] That same day, Appellant also entered a guilty plea to the same charges of third-degree murder and conspiracy in CP-15-CR-0004817-2011. However, on November 6, 2013, the court entered an order stating that those charges were withdrawn pursuant to the plea agreement in CP-15-CR-0000709-2012. *See* Order, 11/6/13. Accordingly, no judgment of sentence exists at docket number CP-15-CR-0004817-2011.

with our Supreme Court. *See Commonwealth v. Jones*, 158 A.3d 182 (Pa. Super. 2016) (unpublished memorandum).

On October 19, 2017, Appellant filed a timely, counseled PCRA petition, alleging that his plea and appellate counsels were ineffective regarding his plea and sentencing for the second count of third-degree murder.[5] Over the next several years, the Commonwealth and Appellant filed answers and responses, respectively.[6] Ultimately, on December 21, 2021, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing, along with an accompanying opinion. Appellant filed a response, but on January 18, 2022, the court issued an order dismissing his petition. The court's order was filed at both CP-15-CR-0004817-2011 and CP-15-CR-0000709-2012.

On October 7, 2022, Appellant filed a PCRA petition (again, at both docket numbers) seeking reinstatement of his right to appeal from the January 18, 2022 order denying his petition, arguing that his PCRA counsel had

_____

[5] Confusingly, Appellant filed his PCRA petition at both docket numbers CP-15-CR-0004817-2011 and CP-15-CR-0000709-2012, despite that the charges were withdrawn, and no judgment of sentence exists, at CP-15-CR-0004817-2011.

[6] As the PCRA court points out, the Commonwealth and Appellant each filed numerous requests for extensions of time to file these answers and responses, which the court granted. *See* PCO at 4. According to the court, "[s]aid requests were granted in the interest of justice and because [Appellant] is not challenging the 20 to 40 year sentence he agreed to on [the first count of third-degree murder], which he is currently serving. Therefore, although there has been a delay in addressing the PCRA action, [Appellant] has not been negatively affected." *Id.*

abandoned him and had failed to file a requested appeal on his behalf. On April 3, 2023, an "Order Granting Request To Appeal Denial Of PCRA Petition *Nunc Pro Tunc*" was entered at both trial court docket numbers.

On May 2, 2023, Appellant timely filed a *nunc pro tunc* notice of appeal from the January 18, 2022 order, which was docketed at 1207 EDA 2023.[7] The May 2, 2023 notice of appeal listed both trial court docket numbers in the caption. On May 4, 2023, Appellant filed in the trial court an amended notice of appeal (1208 EDA 2023) from the "dismissal of the PCRA entered in this matter on the 18th day of January 2022," listing only CP-15-CR-0004817-2011 in the caption. That same day, Appellant also filed in the trial court an amended notice of appeal (1209 EDA 2023) from the "dismissal of the PCRA entered in this matter on the 18th day of January 2022," listing only CP-15-CR-0000709-2012 in the caption.[8]

At this juncture, we note that in **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), the Pennsylvania Supreme Court held that appellants are

---

[7] Although Appellant's notice of appeal stated he is appealing from the dismissal of the PCRA petition entered on the April 19, 2022, it is clear that his appeal actually lies from the January 18, 2022 order. Thus, the appeal docket in 1207 EDA 2023 has been corrected to reflect that date.

[8] On January 18, 2024, this Court entered an order consolidating Appellant's three appeals. In that same order, we also took judicial notice of the fact that Appellant's counsel of record, now-Judge Thomas Patrick McCabe, had assumed the bench at the Chester County Court of Common Pleas following the filing of Appellant's appeals. Then-Attorney McCabe had filed petitions to withdraw as counsel in each appeal, which we granted. We remanded for the appointment of new counsel, and Attorney Werner was appointed below.

required to file separate notices of appeal when a single order resolves issues arising on more than one lower court docket. The decision applies to all cases filed after June 1, 2018. However, in **Commonwealth v. Stansbury**, 219 A.3d 157 (Pa. Super. 2019), this Court concluded that a breakdown in the courts occurs when a PCRA court advises petitioners that they can pursue appellate review by filing a single notice of appeal, even though the order disposes of petitions pending at multiple docket numbers. **See also Commonwealth v. Larkin**, 235 A.3d 350, 352-54 (Pa. Super. 2020) (*en banc*) (reaffirming **Stansbury**).[9]

Here, the PCRA court's April 3, 2023 order reinstating Appellant's appeal rights from the January 18, 2022 order listed both trial court docket numbers in the caption and stated, "Defendant shall file **a** Notice of Appeal within thirty days…." Order, 4/3/23, at 1 (emphasis added). Additionally, the PCRA court's January 18, 2022 dismissal order listed both trial court docket numbers in the caption and stated, "Defendant is advised that this is a final Order and he has thirty (30) days in which to appeal." Order, 1/18/22, at 1. Thus, because the court's orders indicated that a singular appeal would suffice, we conclude that there was a breakdown as per **Stansbury** and **Larkin**, and we will allow the

_____

[9] The Supreme Court of Pennsylvania also went on to hold, in **Commonwealth v. Young**, 265 A.3d 462, 477 n.19 (Pa. 2021), that quashal is not mandatory where the appellant fails to comply with **Walker**. Instead, as long as the appeal is timely, we may permit the appellant to correct the error. Additionally, following **Walker** and **Young**, Pa.R.A.P. 902 was amended to align with the holdings in those decisions. **See** Pa.R.A.P. 902(a), (b).

timely appeal at docket No. 1207 EDA 2023 to proceed. Given this disposition, we quash Appellant's duplicative, amended appeals at docket Nos. 1208 EDA 2023 and 1209 EDA 2023.

On February 8, 2024, Attorney Werner filed with this Court a petition to withdraw as counsel and an **Anders** Brief, asserting that Appellant has no non-frivolous issues to raise on appeal. Again, as a **Turner/Finley** letter is the appropriate filing when counsel seeks to withdraw from an appeal from the denial of PCRA relief, we will assess Attorney Werner's petition to withdraw and **Anders** brief under the dictates of **Turner/Finley**.

In **Turner**, our Supreme Court "set forth the appropriate procedures for the withdrawal of court-appointed counsel in collateral attacks on criminal convictions[.]" **Turner**, 544 A.2d at 927. The traditional requirements for proper withdrawal of PCRA counsel, originally set forth in **Finley**, were updated by this Court in **Commonwealth v. Friend**, 896 A.2d 607 (Pa. Super. 2006), *abrogated by* **Commonwealth v. Pitts**, 981 A.2d 875 (Pa. 2009),[10] which provides:

> 1) As part of an application to withdraw as counsel, PCRA counsel must attach to the application a "no-merit" letter[;]

_____

[10] In **Pitts**, our Supreme Court abrogated **Friend** "[t]o the extent **Friend** stands for the proposition that an appellate court may *sua sponte* review the sufficiency of a no-merit letter when the defendant has not raised such issue." **Pitts**, 981 A.2d at 879. In this case, Attorney Werner filed his petition to withdraw and no-merit letter with this Court and, thus, our Supreme Court's holding in **Pitts** is inapplicable.

2) PCRA counsel must, in the "no-merit" letter, list each claim the petitioner wishes to have reviewed, and detail the nature and extent of counsel's review of the merits of each of those claims[;]

3) PCRA counsel must set forth in the "no-merit" letter an explanation of why the petitioner's issues are meritless[;]

4) PCRA counsel must contemporaneously forward to the petitioner a copy of the application to withdraw, which must include (i) a copy of both the "no-merit" letter, and (ii) a statement advising the PCRA petitioner that, in the event the trial court grants the application of counsel to withdraw, the petitioner has the right to proceed *pro se*, or with the assistance of privately retained counsel;

5) the court must conduct its own independent review of the record in the light of the PCRA petition and the issues set forth therein, as well as of the contents of the petition of PCRA counsel to withdraw; and

6) the court must agree with counsel that the petition is meritless.

***Friend***, 896 A.2d at 615 (footnote omitted).

In this case, Attorney Werner's no-merit letter sets forth each claim that Appellant "wishes to have reviewed, and detail[s] the nature and extent of counsel's review of the merits of each of those claims[.]" ***Id.*** Attorney Werner also includes an explanation as to why each issue is meritless. ***See Anders*** Brief at 11-51. Additionally, in his petition to withdraw, Attorney Werner has sufficiently evidenced the nature and extent of his review, and states that he has forwarded to Appellant a copy of his petition to withdraw and no-merit letter. Attorney Werner has also advised Appellant that he has the right to proceed with this appeal *pro se* or to hire new counsel. Accordingly, we find that Attorney Werner has complied with the first four prongs of the revised test set forth in ***Friend***.

Next, this Court must conduct its own independent review of the record in light of the issues presented in Appellant's PCRA petition. We do so under the following standard of review:

> "In reviewing the propriety of an order granting or denying PCRA relief, an appellate court is limited to ascertaining whether the record supports the determination of the PCRA court and whether the ruling is free of legal error." **Commonwealth v. Johnson**, … 966 A.2d 523, 532 ([Pa.] 2009). We pay great deference to the findings of the PCRA court, "but its legal determinations are subject to our plenary review." **Id.**

**Commonwealth v. Matias**, 63 A.3d 807, 810 (Pa. Super. 2013).

In assessing Appellant's issues, we have reviewed the certified record, the briefs of the parties, and the applicable law. Additionally, we have examined the well-reasoned opinion, filed on December 21, 2021, by the Honorable Analisa Sondergaard of the Court of Common Pleas of Chester County.[11] We conclude that Judge Sondergaard's comprehensive opinion accurately disposes of the issues presented by Appellant, and demonstrates that his claims are meritless. Accordingly, we adopt Judge Sondergaard's opinion as our own and affirm the order dismissing Appellant's PCRA petition at docket No. 1207 EDA 2023 for the reasons set forth therein. For the reasons stated *supra*, we quash his appeals at docket Nos. 1208 EDA 2023

---

[11] It does not appear that Judge Sondergaard ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. In lieu of a Rule 1925(a) opinion, Judge Sondegaard filed a "Statement of the Court" on May 24, 2023, indicating that she is relying on the rationale set forth in her December 21, 2021 opinion to support her dismissal of Appellant's petition.

J-A21043-23
J-A21044-23
J-A21045-23

and 1209 EDA 2023. Additionally, we grant Attorney Werner's petition to withdraw.

Order affirmed at No. 1207 EDA 2023. Appeals quashed at Nos. 1208 EDA 2023 and 1209 EDA 2023. Petition to withdraw granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/7/2024

- 10 -